# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Manitou Village Chalet Townhomes,

    Plaintiff,

v.

Harleysville Insurance Co.

    Defendant.

Civil No. 12-386 (JNE/FLN)

**REPORT AND RECOMMENDATION**

___

Curtis Roeder and Edward Beckmann for Plaintiff.
Leatha Wolter and Tamara Rollins for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for summary judgment (ECF No. 38). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Plaintiff moves the Court to: (1) confirm the appraisal award and (2) order Harleysville to pay prejudgment interest on all payments made and those that remain pending. For the reasons set forth below, this Court recommends that Plaintiff's motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

This motion stems from an insurance dispute between Manitou Village Chalet Townhomes and Harleysville Insurance Company. Manitou's property was insured under a commercial insurance policy issued by Harleysville. On September 21, 2010—during the policy coverage period—hail from a severe storm caused damage to Manitou's property. Manitou filed a written notice of claim on September 24. Harleysville accepted coverage for the damage, but the parties could not agree on the amount of loss. The parties' dispute led to an appraisal process, pursuant to the terms of the insurance contract.

### 1. The Appraisal Process

The parties' insurance contract includes an appraisal provision designed to be utilized when there is a dispute about the amount of loss. Pursuant to this policy, Manitou demanded an appraisal approximately one year after their property was damaged. ECF No. 1-1, 29. In accordance with the policy, each party selected one appraiser. The policy then requires the parties to select an "impartial umpire," but the parties were unable to reach an agreement on who this person should be. In such circumstances, the policy provides that one of the parties "can ask a judge of court of record in the state where the property is located to select an umpire." *Id.* In April 2012, this Court appointed John M. Harens as the neutral umpire. The appraisal panel issued its award in December 2012, which concluded that Harleysville owed Manitou $372,226.00 in actual cash value (ACV) and $287,795.64 in replacement cash value (RCV).

### 2. Harleysville's payments to Manitou

In October 2011, shortly after the appraisal process was initiated, Harleysville paid Manitou the undisputed ACV of $289,066.02. On December 26, five days after the panel issued its award, Harleysville paid the remaining AVC amount of $78,160.48.[1] The $287,795.64 RVC payment is still pending. Pursuant to the terms of the policy, it is not due "until the damage or destroyed property is repaired or replaced." ECF No. 43 at 11.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular

---

[1] This amount is less Manitou's $5,000 deductible.

parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed.R.Civ.P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences drawn from it should be made in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. ANALYSIS

**A.     The unpaid portions of the appraisal award are affirmed.**

Manitou moves the Court to affirm the December 2012 appraisal award. Harleysville timely paid the ACV portion of the appraisal award. Manitou's motion, as it pertains to that portion of the award, is therefore denied as moot. To the extent Manitou seeks to have the RVC portion of the award affirmed, its motion is granted. Harleysville shall pay the remaining RVC award in accordance with the terms of the insurance contract.

**B.     Harleysville is not obligated to pay prejudgment interest.**

Manitou moves the Court to order Harleysville to pay prejudgment interest on both the AVC and RVC amounts of the appraisal award. Manitou argues that, in accordance with Minn. Stat. § 549.09, Harleysville should be ordered to pay 10 percent interest on the amount of the appraisal awards "from the time of the commencement of the action." ECF No. 40 at 6. Harleysville contends that Manitou's reliance on Minn. Stat. § 549.09 is misplaced and that, pursuant to Minn. Stat.§ 60A.0811, the issue of prejudgment interest only arises if Manitou can show that Harleysville breached its duty to make a timely payment. ECF No. 43 at 5. The Court agrees with Harleysville.

### 1. Minn. Stat. § 60A.0811 governs the application of prejudgment interest in this case.

Prejudgment interest is a matter of state law. *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007). Minn Stat. § 549.09 is Minnesota's general interest statute, entitled "Interest on Verdicts, Awards, and Judgments." It is designed to "compensate the plaintiff for loss of the use of money, deprive the defendant from making a gain as a result of using plaintiff's money, and promote settlement." *Nelson v. Ill. Farmers Ins. Co.*, 567 N.W.2d 538, 543 (Minn. Ct. App. 1997). Minn Stat. § 549.09 applies "except as otherwise provided by contract or **allowed by law** . . . ." Minn Stat. § 549.09 Subd.(1)(b)(emphasis added). Minn Stat. § 60A.0811 is entitled "Breach of Insurance Policy; Recovery of Interest" and specifically covers commercial insurance policies. Notably, Manitou does not acknowledge this statutory provision in its moving papers. ECF No. 40. Nevertheless, because this dispute involves a commercial insurance policy, Minn. Stat. § 60A.0811 applies.

### 2. The prejudgment interest provision under § 60A.0811 only applies when an insurance company denies coverage or otherwise breaches one of its duties.

The plain text of Minn. Stat. § 60A.0811 provides for the recovery of prejudgment interest by an insured when its insurance company wrongfully denies coverage on a claim or otherwise breaches a duty to provide services or make payments and is later found liable. Specifically, the statute states:

> An insured who prevails in any claim against an insurer **based on the insurer's breach or repudiation of or failure to fulfill, a duty to provide services or make payments** is entitled to recover ten percent per annum interest on monetary amounts due under the insurance policy, calculated from the date the request for payment of those benefits was made under the insurer.

Minn Stat. § 60A.0811(Subd. 2)(a) (emphasis added). Manitou acknowledges Minn. Stat. §

60A.0811 in its reply brief and argues that a "plain language reading" of the statute supports the position that it is entitled to recover prejudgement interest, even though Harleysville never denied coverage of its claim. Contrary to Manitou's interpretation of the statue, the Court finds that it unambiguously requires an insurance company to have breached, repudiated or failed to fulfill one of its duties before it is subject to the payment of interest.[2]

The Court's reading of the plain text is consistent with the legislative intent behind Minn Stat. § 60A.0811. During a February 2009 House Committee Meeting, bill sponsor Rep. Atkins explained that H.F. 417 (later codified as Minn Stat. § 60A.0811) was "a very simple bill." Atkins continued:

> If you need to bring a claim against your own insurance company for which you paid thousands and thousands of dollars in premiums over the years, and eventually you bring a claim, that if you prevail on that claim, then you are also eventually made whole. You get the amount of the claim, plus whatever it took to bring the claim, **that was originally denied.**[3]

Here, Harleysville has not breached any contractual or other legal duty to its insured. It did not deny coverage to Manitou. When the parties could not agree upon the value of the loss Harleysville and Plaintiff proceeded with the appraisal process set forth in their policy, and mandated by Minn. Stat. § 65A.26. Once the appraisal award was finalized, Harleysville paid the

---

[2] The plain meaning of this statute helps explain why all of the cases cited by Manitou involve a breach of contract or other duty that results in a monetary judgment. *See* ECF No. 40 at 3.

[3] Audio recording of hearing on H.F. 417 before House Comm. on Civil Justice, 86th Leg. Sess., (Feb. 23, 2009) (statement of bill sponsor Rep. Atkins). Starting at 30:00, *available at:* http://ww2.house.leg.state.mn.us/audio/mp3ls86/civil022309.mp3

remaining AVC amount owed within five days. ECF No. 41, Ex. 8; ECF No. 43 at 8.[4] Harleysville acknowledges its obligation to pay the RVC amount once it receives proof of the replacement costs.

Plaintiff can point to no contractual or other legal duty that Harleysville failed to fulfill in its adjustment of this claim. Plaintiff does complain about Harleysville's delay of 507 days in requesting a proof of loss. Plaintiff does not, however, point to any provision in the contract or elsewhere that sets a deadline by which the insurer must request a proof of loss. The court concludes that Harleysville's delay in requesting a proof of loss does not constitute a failure to fulfill its duty to provide services or make payments.[5]

## IV. CONCLUSION

In light of the plain meaning of Minn Stat. § 60A.0811, the Court concludes that Harleysville is not obligated to pay prejudgment interest on any portion of the appraisal award.

## V. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment (ECF No. 38) be **GRANTED in part** and **DENIED in part**, as follows:

1. To the extent Plaintiff's motion seeks to have the Court affirm the replacement cash value portion of the appraisal award affirmed, the motion should be **GRANTED**. Harleysville shall pay the remaining $287,795.64 in accordance with the terms of the contract.

---

[4] *See also* Minn. Stat. § 72A.201, subd. 5(5) (requires payment within five business days).

[5] The only reason this case was in court was because the parties were unable to agree upon a neutral umpire to complete the panel to conduct the appraisal. That the parties were unable to agree, and invoked the court's jurisdiction to assist them, does not constitute a failure on the part of the insurance company to fulfill a duty to provide services or make payments.

2. To the extent Plaintiff's motion seeks to have the Court affirm the actual cash value portion of the appraisal award affirmed, the motion should be **DENIED** as moot.

2. To the extent Plaintiff's motion seeks to have the Court order Harleysville to pay prejudgment interest on the appraisal award total, the motion should be **DENIED**.

DATED: March 29, 2013
*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before April 15, 2013, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.